# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LEON BRIGHT,**

     **Plaintiff,**

**v.**                                            **Case No. 8:22-cv-00985-CEH-AAS**

**ARGOS CEMENT USA, LLC, et al.,**

     **Defendants.**

_____/

## ORDER

Plaintiff Leon Bright requests to proceed in forma pauperis and filed a complaint. (Doc. 1, 7). Based on deficiencies in Mr. Bright's complaint, the court took Mr. Bright's motion under advisement and directed Mr. Bright to amend his complaint to state a viable cause of action to proceed in forma pauperis. (Doc. 8). In addition, the court directed Mr. Bright to provide additional financial information supporting his affidavit of indigency. (*Id.*). Mr. Bright filed an amended complaint and an amended affidavit of indigency with additional information about his finances. (Docs. 9, 10).

Although the court is satisfied Mr. Bright meets the financial requirements to proceed in forma pauperis, Mr. Bright's amended complaint still lacks viable causes of action. Mr. Bright's amended complaint attempts to

bring claims against Mr. Warren, individually,[1] and Argos Cement USA, LLC (Argos) (collectively, the defendants). (*See* Doc. 9, p. 2). Mr. Bright alleges he was unlawfully and discriminatorily terminated from his employment at Argos by plant superintendent Mr. Warren because of Mr. Bright's "race, gender, and sexual preference as a heterosexual African American male" in violation of under Title VII and 20 U.S.C. § 1981.[2] (*Id.* at pp. 7–9). Mr. Bright also raises a claim of assault. (*Id.* at pp. 9–10).

Title VII prohibits an employer[3] from "discriminat[ing] against any individual with respect to his [terms and conditions] of employment, because of such individual's race. . ." 42 U.S.C. § 2000e–2(a)(1). "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." 42 U.S.C. § 1981(a); *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999). Claims brought under

---

[1] Mr. Bright's complaint does not provide Mr. Warren's full name or address. Thus, even if the court permitted the complaint to proceed, the court cannot direct service by the U.S. Marshals.

[2] The protected classes for alleged discrimination purposes do not include heterosexuals or males. Thus, the court will limit its analysis to Mr. Bright's alleged racial discrimination.

[3] Mr. Bright lists Mr. Warren and Argos as the defendants. However, Title VII does not authorize suits against individuals. *See Albra v. Advan Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (per curiam). Mr. Bright therefore fails to state a viable Title VII claim against Mr. Warren.

Title VII and Section 1981 require proof of intentional discrimination and should be analyzed together using the same *McDonnell Douglas*[4] burden-shifting framework used in Title VII claims. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998); *Richardson v. Leeds Police Dep't.*, 71 F.3d 801, 805 (11th Cir. 1995) (explaining that claims under § 1981 uses identical methods of proof as Title VII claims and are governed by the *McDonnell Douglas* framework).

For Mr. Bright to prevail on his race discrimination claims, Mr. Bright must show that his employer intentionally discriminated against him based on his race. Mr. Bright may meet his burden using direct evidence, statistical evidence that shows a pattern or practice of discrimination, or circumstantial evidence based on the four-pronged test outlined in *McDonnell Douglas*. *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1555-56 (11th Cir. 1995). Mr. Bright has alleged no direct evidence or evidence that indicates the defendants had a pattern or practice of discriminating against African American individuals. Thus, Mr. Bright may establish discriminatory termination by showing he: (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside his protected class "or was treated less favorably

---

[4] *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

than a similarly situated individual outside [his] protected class." *Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir.2003).

Although Mr. Bright's amended complaint alleges Mr. Warren made several derogatory and racially discriminatory statements to Mr. Bright, it does not allege that race was the basis for Mr. Bright's termination. The allegations in Mr. Bright's amended complaint are not enough to support an inference beyond the speculative level that Mr. Bright has a right to relief for his race discrimination claims. *See Jackson v. United Parcel Serv., Inc.*, No. 12-CV-01753-WMA, 2013 WL 5525972, at *12 (N.D. Ala. Oct. 4, 2013) (stating that "[d]iscrimination in the air, so to speak, will not do" and that "[i]t is discrimination in an employment action adverse to plaintiff that must be shown") (quotation omitted).

The court, however, will allow Mr. Bright another opportunity to amend his complaint to state a viable cause of action to proceed in forma pauperis. For the reasons stated, it is **ORDERED** that:

(1)    Mr. Bright's amended motion for leave to proceed *in forma pauperis* (Doc. 10) is **TAKEN UNDER ADVISEMENT**. By **October 31, 2022**, Mr. Bright must file a second amended complaint that states a viable cause of action. Failure to do so may result in a recommendation of denial of the motion

4

to proceed *in forma pauperis*. [5]

(2)    Mr. Bright's motion for a case management report (Doc. 12) is

**DENIED without prejudice**. Under Local Rule 3.02, the parties must file a

case management report within forty days after any defendant appears in an

action originating in this court. *See* Local Rule 3.02(b)(1), M.D. Fla. Thus, Mr.

Bright's motion is premature.

**ENTERED** in Tampa, Florida on October 5, 2022.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Leon Bright
2022-10666
520 N. Falkenburg Rd.
Tampa, FL 33619

---

[5] To proceed *in forma pauperis*, Mr. Bright's complaint must state a viable cause of action. However, Mr. Bright may pay the filing fee and conduct proper service of process if he wishes to proceed under the amended complaint.