UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                              Case No: 8:22-cv-985-CEH-AAS

ARGOS CEMENT USA, LLC and
WARREN LNU,

    Defendants.

_____

**ORDER**

    This matter comes before the Court on Plaintiff Leon Bright's Motion for Leave of Court to Amend, in the Alternative, Motion to Vacate Judgments and Orders (Docs. 18, 19).[1] Proceeding *pro se*, Bright seeks to amend or vacate this Court's orders at docket entries 13, 14, 15, and/or 16, because he did not receive them until recently due to illness and incarceration.

    Upon review and consideration, and being fully advised in the premises, the Court will grant the Motion to the extent that the action will be reopened, the final judgment against him will be vacated, and he will be given one additional opportunity to file a second amended complaint.

---

[1] Bright filed two motions that are identical to each other, except that the second motion contains a corrected case number. Accordingly, the motions at docket entries 18 and 19 will be discussed and addressed as a single motion.

BACKGROUND

Bright filed a complaint in this action on May 3, 2022. Doc. 1  On June 10, 2022, the Court dismissed the action without prejudice, because Bright had not complied with the Court's May 5, 2022 order directing him to pay the filing fee or move to proceed *in forma pauperis*. Docs. 2, 3.  After Bright requested additional documents and time to complete a motion to proceed *in forma pauperis*, the Court reopened the action. Docs. 4, 5, 6.  Bright then filed a motion to proceed *in forma pauperis*. Doc. 7.  On August 11, 2022, the magistrate court found that he had not provided sufficient information for the court to determine if he was indigent. Doc. 8.  In addition, the magistrate court found that his complaint failed to state a viable cause of action. *Id.*  As a result, it directed him to file an amended complaint and amended affidavit of indigency. *Id.*

Bright filed an amended complaint and a new motion to proceed *in forma pauperis* on September 9, 2022. Docs. 9, 10.  On October 5, 2022, the magistrate court issued an order taking his motion under advisement. Doc. 13.  Although it found that he met the financial requirements to proceed *in forma pauperis*, his amended complaint still lacked viable causes of action. *Id.*  As a result, the magistrate court permitted Bright to file a second amended complaint by October 31, 2022. *Id.*

Bright did not file a second amended complaint.  Thereafter, the magistrate court issued a Report and Recommendation ("R&R") recommending that his motion to proceed *in forma pauperis* be denied and the amended complaint dismissed. Doc. 14.

On November 28, 2022, this Court observed that Bright had not filed objections to the R&R during the period proscribed by 28 U.S.C. § 636(b)(1). Doc. 15.  The Court adopted the R&R, denied Bright's motion to proceed *in forma pauperis*, and dismissed the amended complaint. *Id.*  On April 4, 2023, the Court directed the Clerk to close the case because there was "nothing further for it to do in this action." Doc. 16.

In the instant motion, Bright seeks reconsideration of the series of orders that began on October 5, 2022. Doc. 18, citing Docs. 13-16.  He explains that he did not receive any of them, because in September 2022 he became extremely sick with an auto-immune disease, whose symptoms and medications caused him difficulty in moving, eating, sleeping, or remembering anything. *Id.* at 2.[2]  Bright also notes that he was incarcerated during this time; he hypothesizes that the jail did not properly deliver his mail, or that his periodic admission to the jail medical unit and the emergency room may have prevented him from receiving mail. *Id.*  He began to recover in June 2023, at which time he gained access to the internet and learned about the series of orders and closure of his case for the first time. *Id.* at 1-2.

Citing Federal Rules of Civil Procedure 15 and 60, Bright now asks the Court to amend or vacate its orders, arguing that his illness and incarceration constitute excusable negligence for his failure to timely comply with or object to them. *Id.* at 1. He contends that he would have objected to the R&R or appealed the orders to the Eleventh Circuit Court of Appeals if he had received them. *Id.* at 3-4.  Bright also states

---

[2] Bright explains that medical records would substantiate his representations, and he offers to obtain them, upon Court request, as long as they would be filed under seal. *Id.* at 3-4.

3

that he "wishes to file a Second Amended Complaint in compliance with this Court's previous Orders." *Id.* at 4.

## DISCUSSION

Rule 60(b) permits a court to relieve a party from a final judgment or order on the grounds of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Such a motion must be brought "within a reasonable time" of no more than one year after the entry of the judgment or order. *Id.* 60(c)(1). In *Automotive Alignment & Body Service, Inc. v. State Farm Mutual Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020), the Eleventh Circuit held that a plaintiff whose complaint was dismissed due to his failure to amend within a specified time may move for relief from the final judgment under Rule 60(b). Bright is moving for such relief within one year of the orders that dismissed his complaint for the failure to timely amend. Accordingly, his motion is timely and properly brought under Rule 60(b).

Whether a party's non-compliance with a deadline constitutes excusable neglect is an equitable decision turning on "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *see Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (applying *Pioneer* factors to Rule 60 cases).

Here, the *Pioneer* factors weigh in favor of a finding that Bright's failure to comply with court orders in the fall of 2022 constituted excusable neglect. Bright alleges that it was caused by the combination of his severe illness and his incarceration, the former of which is a circumstance that is entirely beyond his control. *See Klapprott v. U.S.*, 335 U.S. 601, 613-14 (1949) (petitioner's illness and immigration-related incarceration constituted, at the least, "excusable neglect" under Rule 60(b)(1)). There is no evidence that Bright has not acted in good faith. *Cf. Abbey v. Mercedes-Benz of North Am., Inc.*, No. 04-80136-CIV, 2007 WL 879581, *1 (S.D. Fla. March 20, 2007) (finding that "illness alone is not a sufficient basis for setting aside a judgment," while observing that plaintiff's "uncooperative behavior long predated his illness."). Although the delay caused by Bright's failure to respond has been relatively lengthy—approximately eight months since the missed amendment deadline—it is unlikely to cause prejudice or unduly impact the proceedings because the action is in such an early stage. *See Cheney*, 71 F.3d at 850 (the lack of prejudice to the opposing party is the "key" factor in the analysis). The defendant has not yet been served, and a valid operative pleading does not yet exist. *See* Doc. 13. The Court also remains mindful that Bright is proceeding *pro se*. In its discretion, the Court finds that Bright has established excusable neglect that warrants the vacatur of the final judgment under Rule 60(b)(1).

Bright appears to profess simultaneous desires to object to the R&R, appeal this Court's orders to the Eleventh Circuit, and amend the amended complaint as the magistrate court initially ordered on October 5, 2022. Doc. 18. Because the Court is vacating the final judgment against him, there is no judgment for him to appeal. *See*

28 U.S.C. § 1291. With respect to an objection to the R&R, Bright briefly argues that, contrary to the magistrate court's finding, the amended complaint pleaded adequate factual allegations to state a claim upon which relief may be granted. Doc. 18 at 4. However, he relies on invalid caselaw that predates the Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which established the new standard that a pleading must contain sufficient factual matter to state a claim for relief that is plausible on its face. This Court agrees with the magistrate court's well-reasoned analysis of the deficiencies in the amended complaint. Doc. 13 at 2-4. Bright has not identified any errors in that analysis. As a result, an objection to the R&R is not likely to result in the outcome he seeks.

Instead, the Court will grant Bright's request for additional time to amend the amended complaint in accordance with the magistrate court's October 5, 2022 order. *See* Doc. 13. Bright must file a second amended complaint on or before October 13, 2023. The failure to timely file a second amended complaint without requesting an extension before the deadline expires may result in dismissal of this action without further notice.

Bright is also cautioned that he is responsible for maintaining an updated mailing address with the Clerk of Court. He must notify the Clerk whenever his address changes for any reason.[3] The failure to receive mail from the Court due to an outdated mailing address is not likely to constitute excusable neglect.

---

[3] For example, Bright explains that he was released from incarceration in March of 2023, but the mailing address listed for him in the docket for this action was not changed until the Court

Accordingly, it is **ORDERED**:

1) Plaintiff Leon Bright's Motion for Leave of Court to Amend, in the Alternative, Motion to Vacate Judgments and Orders (Docs. 18, 19) is **GRANTED**.

2) The Court's Orders dated November 28, 2022, and April 4, 2023 (Docs. 15, 16) are **VACATED**.

3) Bright is granted leave to file a second amended complaint on or before October 13, 2023.

4) The Clerk is directed to reopen this action.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

received the instant motions from him. Bright is warned that a change of address does not occur automatically and will not be done for him in the future unless he affirmatively notifies the Clerk of a change.