UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                              Case No: 8:22-cv-985-CEH-AAS

ARGOS CEMENT USA, LLC,
WARREN LNU and WARREN
WILDER,

    Defendants.
_____

**ORDER**

This matter comes before the Court *sua sponte* on its Order dated August 5, 2024 (Doc. 57). In the Order, the Court granted Plaintiff Leon Bright's Second Motion for Leave to Amend Complaint (Doc. 56) and permitted Plaintiff to file a Third Amended Complaint.[1]

Plaintiff has timely filed a Third Amended Complaint. Therefore, Defendant's Motion to Dismiss (Doc. 34) the Second Amended Complaint (Doc. 22) is due to be denied as moot.

However, Plaintiff has not complied with the Court's August 5, 2024 Order in one material respect. The Order stated:

> However, Plaintiff must correct one additional pleading defect when he does so. Count II of his proposed complaint continues to be a shotgun pleading, because it appears to assert the separate

---

[1] The relevant background and procedural history of this action is set forth in the August 5, 2024 Order.

> causes of action of § 1981 disparate treatment and § 1981 retaliation within the same count.  Courts in this Circuit have made clear the dangers of permitting a shotgun pleading to proceed: "Left unchecked, the parties' improper pleadings will complicate appellate review, impede the administration of justice, foster unnecessary expense, and prolong the confusion and complexity of the issues raised by the parties." *zIT Consulting GmbH v. BMC Software, Inc.*, 6:15-cv-1012-RBD-KRS, 2016 WL 231215, *3 (M.D. Fla. Jan. 15, 2016) (overruled on other grounds), citing *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that all may be "lost" if a district court fails to "demand repleader" of shotgun pleading).  Therefore, Plaintiff must revise Count II to correct the shotgun pleading issue.  The Third Amended Complaint must either: 1) clarify which single cause of action under § 1981 Plaintiff intends to assert, or 2) separate the § 1981 allegations into two counts, each asserting a separate cause of action that is clearly labeled.  Aside from this correction, <u>the Third Amended Complaint may not differ in any other regard from the proposed pleading Plaintiff submitted at Doc. 56-1.</u>  **If the Third Amended Complaint continues to combine multiple causes of action within a single count, that count will be subject to dismissal with prejudice, without further notice.**

Doc. 57 at 8-9 (emphasis added).

Despite the Court's directive to clarify or separate the § 1981 allegations in Count II, Count II of the Third Amended Complaint is identical to Count II of the proposed complaint (Doc. 56-1).  It still appears to assert the separate causes of action of § 1981 disparate treatment and § 1981 retaliation within the same count, although it is unclear, and Plaintiff has not clarified which cause of action he intends to assert.  Defendants therefore do not have the requisite notice of which claim Count II asserts

against them. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

The Court provided instructions on how to correct this defect, and cautioned Plaintiff that the failure to do so would result in the count being dismissed with prejudice.[2] Because the defect was not corrected, Count II is due to be dismissed with prejudice.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 34) is **DENIED** as moot.

2. Count II of the Third Amended Complaint is **DISMISSED** with prejudice.

3. Defendants are directed to file a responsive pleading within twenty-one (21) days from the date of this Order.

---

[2] As the Eleventh Circuit recently summarized:

> If a court identifies that a complaint is a shotgun complaint and the plaintiff is proceeding *pro se*, the court must give the plaintiff one chance to replead, with instructions on the deficiencies. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but leaving rule as to *pro se* plaintiffs intact); *see also Vibe* [*Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295-96 (11th Cir. 2018)]. If the amended complaint does not remedy the defects and the plaintiff does not move to amend, then the court may dismiss the complaint. *Vibe*, 878 F.3d at 1296.

*Roether v. Georgia*, No. 22-13731, 2024 WL 358121, *3 (11th Cir. Jan. 31, 2024); *see also Vibe*, 878 F.3d at 1296 ("a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.").

**DONE** and **ORDERED** in Tampa, Florida on August 26, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties