UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                                      Case No: 8:22-cv-985-CEH-AAS

ARGOS CEMENT USA, LLC and
WARREN WILDER,

    Defendants.
_____

## ORDER

This matter comes before the Court on Plaintiff Leon Bright's Motion for Reconsideration (Doc. 64), which seeks reconsideration of the Court's Order (Doc. 60) dismissing with prejudice Count II of the Third Amended Complaint (Doc. 59). Defendants Argos Cement USA, LLC, and Warren Wilder have responded in opposition (Doc. 69). Upon review, the motion for reconsideration is due to be denied.

Also before the Court is Plaintiff's Reply, in part, to Defendant's Answer and Affirmative Defenses in the Form of Strikes (Doc. 63), to which Defendants have responded in opposition (Doc. 68). To the extent the Reply is construed as a motion to strike, it is due to be denied.

**I. MOTION FOR RECONSIDERATION**

Plaintiff, proceeding *pro se*, filed this action on May 3, 2022. Doc. 1. A series of delays ensued, as described in this Court's prior Orders. *See* Docs. 21, 51, 57. On August 5, 2024, the Court issued an Order granting Plaintiff's motion to file a Third

Amended Complaint. Doc. 57. The Court directed Plaintiff to correct a pleading defect in Count II of his proposed amended complaint—a count that was a shotgun pleading because it combined two separate causes of action, discrimination and retaliation under 42 U.S.C. § 1981, within the same count. *Id.* at 8. After providing specific instructions for correcting the defect, the Court cautioned him that "[i]f the Third Amended Complaint continues to combine multiple causes of action within a single count, that count will be subject to dismissal with prejudice, without further notice. *Id.* at 8-9.

Plaintiff filed the Third Amended Complaint on August 22, 2024. Doc. 59. Count II remained untouched from his proposed pleading, continuing to combine two separate causes of action within one count. *Id.* Accordingly, the Court dismissed the count with prejudice. Doc. 60.

Plaintiff now moves for reconsideration of the dismissal of Count II, arguing that both causes of action are viable under 42 U.S.C. § 1981. Doc. 64. Defendants respond that Plaintiff failed to confer with them pursuant to Local Rule 3.01(g) and the Court's previous Order, and that Plaintiff has failed to identify grounds for reconsideration. Doc. 69.

"Reconsideration of a previous order is an extraordinary remedy." *Ludwig v. Liberty Mutual Fire Insur. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, *3 (M.D. Fla March 30, 2005). As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction."

2

*Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996), citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.*, quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009), quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

Here, Plaintiff does not argue that there has been an intervening change in the law or new evidence; he apparently relies on a need to correct clear error or manifest injustice. But he fails to identify either. Plaintiff argues that it is permissible to assert two causes of action in one count because both discrimination and retaliation are viable claims under Section 1981 that can stem from the same act. Nonetheless, the Eleventh Circuit has made clear that they must be separated into different counts. *See*

3

*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (one type of shotgun pleading "commits the sin of not separating into a different count each cause of action or claim for relief."); *Cardinal v. Haines City, Fla.*, No. 8:19-CV-3137, 2021 WL 3418814, *1 (M.D. Fla. Aug. 5, 2021) (single count alleging both discrimination and retaliation claims was a shotgun pleading). Moreover, the Court gave Plaintiff the opportunity to correct the error and plain instructions on how to do so, but he declined. He has not identified any clear error or manifest injustice in the Court's dismissal of Count II. His motion for reconsideration is therefore due to be denied.

Further, Defendants correctly point out that Plaintiff failed to comply with the Court's prior Order when he did not confer with them pursuant to Local Rule 3.01(g) before filing the motion. Doc. 69 at 5; *see* Local Rule 3.01(g)(, M.D. Fla. (requiring parties to certify that they have conferred with opposing counsel "in a good faith effort to resolve the motion" before filing a motion). In its August 5, 2024 Order, the Court cautioned Plaintiff that "the future failure to comply with Rule 3.01(g) may result in denial of a motion without prejudice." Doc. 57 at 9. The Court has determined that Plaintiff's motion for reconsideration is due to be denied on the merits, and it declines to deny it for his failure to comply with Rule 3.01(g) at this time. However, Plaintiff is again warned that any future failure to comply with Rule 3.01(g) may result in summary denial of the motion.

## II. AFFIRMATIVE DEFENSES

Defendants filed an Answer to the Third Amended Complaint on September 16, 2024, in which they asserted a number of affirmative defenses. Doc. 61. On October 1, 2024, Plaintiff filed a document entitled "Reply, in part, To Defendant's Answer and Affirmative Defenses in the Form of Strikes." Doc. 63. In the document, Plaintiff "moves to strike" the affirmative defenses "as frivolous and meritless as well [as] done in bad faith which should bring about sanctions." *Id.* at 1-2. Defendants responded in opposition, to the extent the document was construed as a motion to strike their affirmative defenses, and argued that the defenses are legally valid. Doc. 68.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking matters from a pleading is a "drastic remedy" that is "disfavored." *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Indeed, motions to strike "are often considered time wasters" and "will usually be denied." *U.S. ex rel. Chabot v. MLU Svcs., Inc.*, 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (quotation omitted); *Thompson*, 211 F.Supp.2d at 1348.

Here, Plaintiff lists all of Defendants' affirmative defenses in his construed motion to strike. He briefly disputes some of them, and leaves others without substantive comment. He has failed to establish that any of them are legally insufficient, redundant, prejudicial, or bear no possible relationship to the controversy.

5

*See*, *e.g.*, *Kazak v. Truist Bank*, No. 2:23-CV-40-SPC-KCD, 2024 WL 987359, *2 (M.D. Fla. Mar. 7, 2024); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). To the extent the document is construed as a motion to strike Defendants' affirmative defenses, it is due to be denied.

### III. CASE MANAGEMENT REPORT

The Court observes that the parties have not filed a case management report. Local Rule 3.02 requires the parties to submit a case management report within forty days after any defendant appears. M.D. Fla. R. 3.02(b)(1). The parties are therefore directed to file a case management report using the standard form on the Court's website within twenty-one days of the date of this Order.

Accordingly, it is **ORDERED**:

1. Plaintiff Leon Bright's Motion for Reconsideration (Doc. 64) is **DENIED**.

2. Plaintiff's Reply, in part, To Defendant's Answer and Affirmative Defenses in the Form of Strikes (Doc. 63), to the extent it is construed as a motion to strike, is **DENIED**.

3. The parties are directed to file a case management report using the standard form on the Court's website within **TWENTY-ONE (21) DAYS** of the date of this Order.

6

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties